**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT BROOKS,
           Appellant,

      v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
SF-1221-17-0131-W-1

DATE: May 8, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Robert Brooks</u>, Green Cove Springs, Florida, pro se.

<u>Christina T. Fuentes</u> and <u>Sandra Lizeth Olivares</u>, Washington Navy Yard, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On April 8, 2013, the agency appointed the appellant to the position of GS-12 Diving Operations Director for its Ship Repair Unit in Singapore. Initial Appeal File (IAF), Tab 6 at 86. On October 29, 2013, the appellant filed a complaint with the agency's Inspector General concerning the unauthorized circulation of his résumé among agency staff. IAF, Tab 1 at 27, 52-54.

On January 24, 2014, the appellant filed a whistleblower complaint with the Office of Special Counsel (OSC), claiming that the agency retaliated against him for his Inspector General complaint. *Id.* at 56-65. On June 2, 2014, OSC closed the appellant's file without taking corrective action, and on August 18, 2014, he filed an IRA appeal. *Brooks v. Department of the Navy*, MSPB Docket No. SF-1221-14-0751-W-1, Appeal File (0751 AF), Tab 1. The appellant withdrew his appeal, and on September 22, 2014, the administrative judge dismissed it with prejudice. 0751 AF, Tabs 15, 17.

Meanwhile, on June 14, 2014, the appellant filed another OSC complaint, alleging several improper actions by the agency and claiming that the agency was trying to compel his resignation. IAF, Tab 1 at 67-80. OSC, which apparently did not construe this as a whistleblower complaint, closed the appellant's file on October 21, 2014. IAF, Tab 29 at 10-13. The appellant did not file an appeal.

Effective February 21, 2015, the appellant resigned from his position, citing various acts of agency malfeasance as the reason for his resignation. IAF, Tab 6 at 89-91. Subsequently, the appellant sought employment with the Department of the Air Force, once in April 2015, and once in October 2015, but he was not selected either time. IAF, Tab 1 at 38-39.

On April 27, 2016, the appellant filed a third complaint with OSC, claiming, among other things, that the agency constructively removed him and interfered with the two Department of the Air Force selection processes in retaliation for protected activity. *Id.* at 19-50. OSC once again closed the

appellant's file without taking corrective action.  *Id.* at 17-18.  The appellant filed the instant IRA appeal and requested a hearing.  *Id.* at 2, 7-8, 15.

After the close of the jurisdictional record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 61, Initial Decision (ID).  Regarding the appellant's constructive removal claim, she found that he failed to make a nonfrivolous allegation that his resignation was involuntary.  ID at 7-10.  Regarding the appellant's claims that the agency interfered with the Department of the Air Force's selection processes, the administrative judge found that he failed to make a nonfrivolous allegation that his protected activity was a contributing factor.  ID at 10-14.  Regarding the remainder of the appellant's claims, the administrative judge dismissed them variously as res judicata or for lack of jurisdiction on the basis that the appellant failed to satisfy the exhaustion requirement.  ID at 6, 14-15.

The appellant has filed a petition for review, disputing the administrative judge's analysis of the constructive removal issue and arguing that he was improperly denied discovery that would have allowed him to make a nonfrivolous allegation of contributing factor with respect to the agency's alleged interference with the Department of the Air Force's selection processes.  Petition for Review (PFR) File, Tab 1.  The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 3-4.

## ANALYSIS

The appellant has not challenged the administrative judge's dismissal of the several personnel actions as set forth on pages 6 and 14-15 of the initial decision. We decline to disturb those findings.  *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").  The only three remaining personnel actions are the alleged interference with the April 2015 job application, the alleged interference with the October 2015 job application, and the alleged constructive removal.

The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). In this case, the administrative judge made no finding as to whether the appellant engaged in protected activity or exhausted his administrative remedies. We find that he did both. The appellant's October 29, 2013 Inspector General complaint and June 14, 2014 OSC prohibited personnel practice complaint were protected under 5 U.S.C. § 2302(b)(9)(C), and his prior IRA appeal and January 24, 2014 OSC whistleblower complaint were protected under 5 U.S.C. § 2302(b)(9)(A)(i). *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 10 (2016); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 12 (2016). Furthermore, the appellant identified his February 21, 2015 "constructive discharge" and the agency's alleged interference with the April and October 2015 Department of the Air Force selection processes as personnel actions that were in reprisal for his Inspector General and OSC complaints. IAF, Tab 1 at 27, 38-39.

Interference with Job Applications

The administrative judge found that the appellant was not claiming that his Department of the Air Force nonselections were personnel actions but was instead claiming that the agency interfered with the Department of the Air Force's selection processes. ID at 10-11. Assuming without deciding that such interference would constitute a personnel action within the Board's IRA jurisdiction, the administrative judge found that the appellant failed to make a nonfrivolous allegation concerning the contributing factor element of his claim. ID at 10-14. Specifically, she found that the appellant's theory of contributing factor was based on two facts—that the unnamed Department of the Air Force

interviewer knew a retired Navy diver, and that a different Navy diver knew of and was the subject of some of the appellant's protected activity. ID at 11-12. The administrative judge found that the appellant's theory of contributing factor was "attenuated, insubstantial, and speculative" because it depended on assumptions that the two Navy divers knew each other, they communicated to each other about the appellant, and the diver that the interviewer knew in turn influenced the nonselection. *Id.*

On petition for review, the appellant argues that the agency destroyed or withheld pertinent evidence, and he was denied discovery which might have established the contributing factor element of his case. PFR File, Tab 1 at 6. However, we do not reach this issue. We find that it is immaterial to the outcome of the appeal because the appellant did not make a nonfrivolous allegation that the agency subjected him to a personnel action in connection with his nonselections for positions in the Department of the Air Force. The appellant has been very clear that the personnel actions he is challenging are not the Department of the Air Force's nonselections per se but his employing agency's alleged interference in the selection processes. PFR File, Tab 1 at 6; IAF, Tab 1 at 39-40, Tab 56 at 3. There is no indication or even a bare allegation that the Navy diver at issue had any authority to take, direct others to take, recommend, or approve any personnel action against the appellant, which is a prerequisite for a prohibited personnel practice under 5 U.S.C. § 2302(b). It appears that the appellant and this enlisted Navy diver shared the same direct supervisor, and in fact, the appellant alleges that the Navy diver was technically subordinate to him. IAF, Tab 1 at 53, 82, 85, Tab 37 at 10. Even assuming that the Navy diver somehow interfered with the Department of the Air Force's selection processes, there is simply no basis to find that he was acting in his official capacity, and

therefore, he could not have subjected the appellant to a prohibited personnel practice.[2] *See Lopez v. Veterans Administration*, 12 M.S.P.R. 187, 191 (1982).

As the administrative judge correctly noted, the Board has stated that "blacklisting" could constitute a prohibited personnel practice under 5 U.S.C. § 2302(a)(2)(A). ID at 11 n.6; *see Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 23 (2012). However, the alleged blacklisting in *Mattil* was committed by employees of the respondent agency with respect to employment opportunities within the agency. 118 M.S.P.R. 662, ¶ 23. The allegations in the instant appeal are different because they pertain to a coworker's alleged denigration of the appellant to officials in another agency. This is not to say that there is no viable reprisal claim available to the appellant. The Department of the Air Force's nonselection is certainly a personnel action under 5 U.S.C. § 2302(a)(1)(A)(i), and in an IRA appeal with the Department of the Air Force as the respondent, the appellant might be able to prove contributing factor through the Navy diver under a cat's paw theory. *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014). In such a scenario, the nonselection itself would be the personnel action and the selecting official for the Department of the Air Force the alleged retaliating official. However, this is not the claim that the appellant brought.

Because the appellant's coworker's alleged interference with the selection process at another agency is not a "personnel action" under 5 U.S.C. § 2302(a)(2)(A), we agree with the administrative judge that the Board lacks jurisdiction over these claims. *See Kochanoff v. Department of the Treasury*, 54 M.S.P.R. 517, 521, (1992).

---

[2] In this regard, this appeal is distinguishable from *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24. In *Cooper*, the Board found that the appellant made a nonfrivolous allegation that her former supervisor had the authority to recommend a personnel action, construing the notion of "supervisory or personnel authority . . . quite broadly to include instances where a manager's recommendation . . . is given some weight and consideration, even if no action was ultimately taken against the employee." *Id.*, ¶ 11.

Constructive Removal

To establish IRA jurisdiction over a constructive removal claim, an appellant must show that his resignation was a personnel action within the meaning of 5 U.S.C. § 2302(a)(2)(A). *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 8 (2011). Just as in a direct appeal under 5 U.S.C. § 7513(d), a resignation is actionable in an IRA appeal only if the appellant shows that it amounted to a constructive removal. *See Bravo v. Department of Veterans Affairs*, 83 M.S.P.R. 653, ¶ 12 (1999). The legal standards in both types of appeal are the same. *Vaughn*, 116 M.S.P.R. 493, ¶ 8. To prove that a resignation amounted to a constructive removal, an appellant must show that he lacked a meaningful choice in the matter and that it was the agency's wrongful actions that deprived him of that choice. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013).

In this case, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary. ID at 8-10. She found that the appellant was alleging constructive removal based on intolerable working conditions but that the working conditions that the appellant alleged were not so intolerable that a reasonable person in his situation would have felt compelled to resign because of them. *Id*. She reasoned that, although the appellant might have been faced with the choice of resigning and remaining in an unpleasant job, this situation did not mean that his decision to leave was involuntary. ID at 9.

On petition for review, the appellant argues that he was denied the opportunity to conduct proper discovery on the issue of his constructive removal. PFR File, Tab 1 at 4-5. However, the Board has found that to be entitled to discovery in an IRA an appellant must first set forth nonfrivolous jurisdictional allegations. *Sobczak v. Environmental Protection Agency*, 64 M.S.P.R. 118, 122 (1994). Moreover, even assuming that the appellant was improperly denied full discovery on the constructive removal issue, he has not explained with specificity

what information he hoped to obtain or how such information might have helped him meet his burden of proof. *See Sherwood v. Department of Veterans Affairs*, 88 M.S.P.R. 208, ¶ 11 (2001); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

The appellant also disputes the administrative judge's finding that his allegations amounted to a "[d]issatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions [which] are generally not so intolerable as to compel a reasonable person to resign." PFR File, Tab 1 at 5-6; ID at 9 (quoting *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000)). We agree with the appellant. The administrative judge's characterization of the events that led to appellant's resignation is not inaccurate, but it does understate their magnitude.

The appellant's complaints about the way that the agency treated him predate his first protected activity (the October 29, 2013 Inspector General complaint) and even predate his April 8, 2013 appointment. IAF, Tab 1 at 75-77, Tab 37 at 8-9. Although all of these matters would normally be relevant to the issue of whether the appellant was constructively removed, *see Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995) (endorsing a totality-of-the-circumstances approach to the issue of voluntariness), only the ones occurring after the responsible officials became aware of his disclosure would be relevant to the issue of whether he was constructively removed in retaliation for protected activity, *see Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) (finding that a protected disclosure could not be a contributing factor in a personnel action that predated it), *aff'd*, 278 Fed. App'x 1009 (Fed. Cir. 2008). According to the appellant, the relevant agency officials became aware of his Inspector General complaint no later than December 2013, and after that, his working conditions deteriorated markedly. IAF, Tab 37 at 8-9.

Even considering only the matters that occurred in December 2013, and later, we find that the appellant made a nonfrivolous allegation that the agency

coerced his resignation. He alleged that the agency stripped away his supervisory and other duties, usurped his authority by supervisors passing him over to work with his would-be subordinates, set him up to fail, withheld favorable assignments, and forced him to endure periods of little to no substantive work. IAF, Tab 23 at 20. The appellant further alleged that the agency improperly withheld his promotion to full performance level, delayed giving him his performance plan by 9 months, and even then, failed to give him a proper performance plan. *Id.* He also alleged that his supervisor and his coworkers exhibited outward hostility towards him, that his supervisor told him that no relief would come from his Inspector General complaint, and that the agency never gave him a performance evaluation, which prevented him from moving to another position in the agency. *Id.* The appellant supported these general assertions with documentary evidence and specific allegations of fact. IAF, Tab 1 at 78-80, 82, 85, Tab 23 at 12-18, 23-75, Tab 37 at 6-13. The Board and the Federal Circuit have previously found that similar sets of circumstances can support a constructive removal claim.[3] *E.g., Shoaf v. Department of Agriculture*, 260 F.3d 1336, 339-40 (Fed. Cir. 2001); *Ragland v. Department of the Army*, 84 M.S.P.R. 58, ¶¶ 8-10 (1999); *Bravo*, 83 M.S.P.R. 653, ¶¶ 13-15; *Markon v. Department of State*, 71 M.S.P.R. 574, 580-83 (1996).

---

[3] The appellant also alleges that he brought these matters to the agency's attention prior to his resignation, thereby giving the agency an opportunity to ameliorate the conditions which he claims forced his resignation. IAF, Tab 23 at 16-17; *see Bravo*, 83 M.S.P.R. 653, ¶ 14 (1999). However, it is not clear whether there might have been other avenues of redress of which the appellant failed to avail himself before resigning. Although an appellant is not necessarily required to pursue all potential avenues of redress before resigning due to intolerable working conditions, *see Heining v. General Services Administration*, 68 M.S.P.R. 513, 523 (1995), he must at least make reasonable efforts in this regard, *see Baker v. U.S. Postal Service*, 84 M.S.P.R. 119, ¶ 22 (1999) (finding that the appellant did not prove that his resignation was involuntary when, among other things, he failed to take reasonable steps in seeking redress of the conditions underlying his resignation). Whether the appellant failed to take reasonable steps to seek redress prior to his resignation will likely be an issue on remand.

Furthermore, not only might a reasonable person feel compelled to resign under these circumstances, but the appellant has made a nonfrivolous allegation that these circumstances were the result of the agency's wrongful actions. Some of the agency's alleged actions were wrongful on their face, including its failure to give the appellant a performance plan until 9 months into his tenure and its failure to give him a performance evaluation at any point during his nearly 2 years of service. *See* 5 C.F.R. §§ 430.206(b)(2) ("Performance plans shall be provided to employees at the beginning of each appraisal period (normally within 30 days)."), 430.208(a) ("As soon as practicable after the rating period a . . . rating of record shall be given to each employee."). The remainder of the agency's actions would be wrongful if they were motivated by whistleblower retaliation, as the appellant claims.

For these reasons, we find that the appellant made a nonfrivolous allegation that his resignation constituted a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii). We also find that the appellant made a nonfrivolous allegation that he engaged in protected activity and that at least some of that protected activity, the October 29, 2013 Inspector General complaint, was a contributing factor in the claimed personnel action. *Supra* pp. 4, 8; IAF, Tab 37 at 8-9. Furthermore, as explained above, we find that the appellant exhausted his administrative remedies with respect to the constructive removal claim. *Supra* p. 4. Having thus established IRA jurisdiction over his constructive removal claim, the appellant is entitled to a hearing on the merits.[4]

---

[4] To establish jurisdiction over a constructive removal appeal under 5 U.S.C. chapter 75, an appellant must prove by preponderant evidence that his resignation was tantamount to a forced removal. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). An appellant who makes a nonfrivolous allegation of jurisdiction in such an appeal is entitled to a jurisdictional hearing, and an appellant who establishes jurisdiction thereby prevails on the merits of his appeal as well. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985); *Quiet v. Department of Transportation*, 104 M.S.P.R. 292, ¶ 6 (2006). However, in an IRA appeal, an appellant establishes jurisdiction, in relevant part, by making a nonfrivolous allegation that the agency subjected him to a personnel action under 5 U.S.C. § 2302(a)(2)(A). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367,

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.[5]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

1371 (Fed. Cir. 2001); 5 C.F.R. § 1201.57(b); *see Perkins v. Department of Veterans Affairs*, 98 M.S.P.R. 250, ¶ 23 (2005). In an IRA appeal, there is no such thing as a jurisdictional hearing; an appellant who establishes jurisdiction by making the requisite nonfrivolous allegations is entitled to a hearing on the merits. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016). Therefore, the appellant's nonfrivolous allegation that the agency constructively removed him would not be sufficient to establish jurisdiction over a chapter 75 constructive removal appeal, but it is sufficient to establish jurisdiction over the instant IRA appeal. Whether the appellant can prove by preponderant evidence that his resignation amounted to a constructive removal goes to the merits of his claim.

[5] After the close of record on review, the appellant filed a motion for leave to submit an additional pleading in which he requested to submit new information in support of his appeal. PFR File, Tab 9. Because we are remanding this appeal, we deny this motion. The appellant will have the opportunity to submit additional evidence and argument on remand, and, to the extent it is relevant to the issues in this appeal, the administrative judge should consider it.